**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GREGORY GIBBS,

    Plaintiff,

        v.

JOHN WETZEL, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-12-1751

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

### **MEMORANDUM**

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation (the "R & R") to Plaintiff Gregory Gibbs' *pro se* civil rights complaint. (Doc. 9.) Mr. Gibbs, an inmate at SCI-Rockview, alleges claims against six Defendants: (1) John Wetzel, Secretary of the Department of Corrections; (2) Marirosa Lamas, Superintendent at SCI-Rockview; (3) Lieutenant Trevor Hardy; (4) CO Sherman; (5) CO Fisher; and (6) CO Lidgett. (*Compl.*, ¶ IV.) With respect to the three Correctional Officer Defendants, Mr. Gibbs alleges that they inflicted injuries upon him in May and August of 2012. (*Id.*) Lieutenant Hardy is claimed to have deprived Mr. Gibbs of his nutritional supplements in May 2012. (*Id.*) Lastly, Secretary Wetzel and Superintendent Lamas are alleged to have violated Mr. Gibbs' rights due to their overall responsibility for operation of SCI-Rockview. (*Id.*)

On September 6, 2012, Magistrate Judge Carlson screened Mr. Gibbs' Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 9.) Based on his review, Magistrate Judge Carlson recommends that Mr. Gibbs be permitted to proceed with his claims against Defendants Hardy, Sherman, Fisher, and Lidgett. (*Id.*) But, Magistrate Judge Carlson recommends that the claims against Secretary Wetzel and Superintendent Lamas be dismissed without prejudice. (*Id.*) According to Magistrate Judge Carlson, Mr. Gibbs merely alleges that these two Defendants were legally responsible for the overall operation of SCI-Rockview, allegations expressly premised on *respondeat superior* liability. (*Id.*) And, since liability of prison supervisors cannot be predicated solely on the operation of *respondeat superior*,

Magistrate Judge Carlson recommends that the claims against Secretary Wetzel and Superintendent Lamas be dismissed for failure to state a claim upon which relief can be granted. (*Id.*)

Mr. Gibbs filed a timely response to Magistrate Judge Carlson's recommendations. (Doc. 12.) The response was filed "to show the Courts [sic] why both John E. Wetzel and Marirosa Lamas should remain as defendants to the complaint brought forth by the plaintiff." (*Id.*) With respect to Secretary Wetzel, Mr. Gibbs claims that he should remain in this action because: (1) he is the head of all prisons; (2) he approves/disapproves of prison policies; and (3) he ensures all prisons follow existing policies. (*Id.*) As to Superintendent Lamas, Mr. Gibbs stresses that she should not be dismissed from this action because: (1) she is notified of all actions, including those involving food abuse or use of force; (2) she received multiple grievance appeals he filed; (3) she left him in a dangerous, life-threatening environment; and (4) she failed to timely answer his grievance appeals. (*Id.*)

### Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994).

Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

**Discussion**

Because Mr. Gibbs' filing in response to the R & R does not contest Magistrate Judge Carlson's factual findings or legal conclusions, Mr. Gibbs has not objected to the substance of the R & R.  Rather, Mr. Gibbs' filing is an attempt to clarify the allegations with respect to Secretary Wetzel and Superintendent Lamas and why they should remain as Defendants in this action.  Stated differently, Mr. Gibbs seeks to develop in greater detail these Defendants' participation in the alleged denial of his constitutional rights.  Essentially, Mr. Gibbs is requesting the same relief as recommended by Magistrate Judge Carlson: the opportunity to file an Amended Complaint.  By construing Mr. Gibbs' filing in this manner, I will proceed as though the R & R is uncontested.  And, finding Magistrate Judge Carlson's recommendations free of clear error, I will adopt the recommendation to dismiss the claims against Defendants Wetzel and Lamas without prejudice.[1]

As recommended by Magistrate Judge Carlson, Mr. Gibbs will be given twenty (20) days with which he may file an Amended Complaint in order to more fully state the involvement of Defendants Wetzel and Lamas in the alleged deprivations of his constitutional rights.  Should Plaintiff elect to amend his pleading to more fully state the claims against Defendants Wetzel and Lamas, Mr. Gibbs should note that the Amended Complaint must contain the same docket number as the instant action and should be

---

[1] Moreover, the claim for a specified sum of unliquidated damages will be stricken from the Complaint.

labeled "Amended Complaint."[2]  In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Mr. Gibbs is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived.  Thus, the allegations which Magistrate Judge Carlson found sufficient to state claims against Defendants Hardy, Sherman, Fisher, and Lidgett, as well as any additional allegations demonstrating Defendants Wetzel and Lamas' involvement in the deprivation of Plaintiff's constitutional rights, should be set forth in the Amended Complaint.

## Conclusion

For the above stated reasons, Magistrate Judge Carlson's Report and Recommendation will be adopted, and the claims against Defendants Wetzel and Lamas will be dismissed without prejudice.  The action will be recommitted to Magistrate Judge Carlson for further proceedings.

An appropriate order follows.


November 15, 2012              /s/ A. Richard Caputo
Date                           A. Richard Caputo
                               United States District Judge

---

[2]   Because Mr. Gibbs will be afforded the opportunity to file an Amended Complaint, it is not necessary to determine whether the allegations in Mr. Gibbs' response to the R & R sufficiently state claims against Secretary Wetzel and Superintendent Lamas.  Rather, if an Amended Complaint is filed in this action, the allegations will be reviewed at that time.