# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GREGORY GIBBS, | : | Civil No. 3:12-CV-1751 |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | (Judge Caputo) |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of The Case

#### A. Procedural History

This is a *pro se* civil rights case that was first brought by a state prisoner housed at the State Correctional institution Rockview, Gregory Gibbs, through the filing of a civil rights complaint on September 4, 2012. (Doc. 1.) Gibbs' initial complaint named six defendants: John Wetzel, the Secretary of the Department of Corrections; Marirosa Lamas, the Superintendent at SCI Rockview; Lt. Hardy, who was alleged to have denied Gibbs' nutritional supplements for a week in May 2012; and three correctional officers, C.O. Fisher, Sherman and Lidgett, who were alleged to have inflicted injuries upon Gibbs in May and August of 2012.

While the complaint described direct actions taken by defendants Hardy, Sherman, Fisher and Lidgett with respect to the plaintiff, as to the two supervisory

defendants–John Wetzel, the Secretary of the Department of Corrections and Marirosa Lamas, the Superintendent at SCI Rockview–Gibbs' complaint simply alleged that these supervisory defendants have overall responsibility for operation of the prison. On the basis of this otherwise unadorned allegation, Gibbs sought to hold these supervisory officials personally liable to him for compensatory damages totaling $100,000 and punitive damages of $50,000. (Id.) Along with this complaint, Gibbs filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)

Upon a screening review of this complaint, on September 6, 2012, we recommended that the plaintiff's motion for leave to proceed *in forma pauperis* be granted, (Doc. 2.), but that the plaintiff's complaint be dismissed with respect to defendants Wetzel and Lamas without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order. (Doc. 9.) We made this recommendation because we found that Gibbs' claims against defendant John Wetzel, the Secretary of the Department of Corrections and Marirosa Lamas, the Superintendent at SCI Rockview clearly failed as a matter of law. In considering claims brought against supervisory officials arising out of alleged Eighth Amendment violations, we observed that the courts recognize that supervisors may be exposed to liability only in certain, narrowly defined circumstances.

For example, supervisory liability will rest on the basis that supervisors maintained deficient policies that resulted in the plaintiff sustaining an Eighth Amendment injury. In these kinds of cases based upon allegations of deficient policies, the Third Circuit has fashioned a four-part test based upon the reasoning of City of Canton v. Harris, 489 U.S. 378 (1989), for supervisory liability on an Eighth Amendment claim for failure to supervise. Under this test, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol, 256 F.3d at 134 (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). Accordingly, these approaches are summarized as follows:

> In sum, to make out a claim of deliberate indifference based on direct liability (i.e., insofar as the defendants are alleged to have known of and ignored the particular risk that Whetzel posed, the plaintiffs must meet the test from Farmer v. Brennan: They must show that the defendants knew or were aware of and disregarded an excessive risk to the plaintiffs' health or safety, and they can show this by establishing that the risk was obvious. For the plaintiffs' claims seeking to hold supervisors liable for their deficient policies, Sample's four-part test provides the analytical structure for determining whether the policymakers exhibited deliberate indifference to the plaintiffs' risk of injury, it being simply the deliberate indifference test applied to the specific situation of a policymaker.

Id.

Furthermore, it is equally clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendants were prison supervisors when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

> In particular, with respect to prison supervisors it is well-established that:
>
> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

> As the Supreme Court has observed:
>
> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability

> for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged *and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them*. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F.Appx. 178, 181 (3d Cir. 2006)(emphasis added).

Here, Gibbs did not allege that supervisory defendants directed the conduct complained of by the plaintiff, or had knowledge of that conduct and acquiesced in it.

Rather, in the first instance, Gibbs simply alleged that defendants Wetzel and Lamas were legally responsible for the overall operation of the institution, a claim which is expressly premised on an assertion of *respondeat superior* liability. To the extent that Gibbs premised the liability of these particular defendants upon the assertion that they were legally responsible for the overall operation of the institution, without setting forth any further factual basis for a claim against him in the body of this pleading, we found that this cursory style of pleading was plainly inadequate to state a claim against a prison supervisor and compels dismissal of these defendants. Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

We also concluded that an inmate, like Gibbs, could not sustain Eighth Amendment claims against prison supervisors based solely upon the suggestion that officials failed to adequately investigate or respond to his past grievances. Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 283 F. App'x 880, 2008 WL 2600723 at *1 (3d Cir. June 30, 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 F.

App'x 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). See also Cole v. Sobina, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern."). As the United States Court of Appeals for the Third Circuit recently observed when disposing of a similar claim by another inmate:

> Several named defendants, such as the Secretaries of the Department of Corrections or Superintendents, were named only for their supervisory roles in the prison system. The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior* ); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause)

Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008).

Indeed, as to such claims, the United States Court of Appeals for the Third Circuit has recently held that summary dismissal is appropriate "because there is no apparent obligation for prison officials to investigate prison grievances. See Inmates

of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 382 (2d Cir.1973)." Paluch v. Sec'y Pennsylvania Dept. Corr., 442 F. App'x 690, 695 (3d Cir. 2011).

In sum, in this case fairly construed, Gibbs' claims against defendants Wetzel and Lamas consisted of little more than assertions of *respondeat superior* liability, coupled with an unarticulated dissatisfaction with their processing of this inmate's past grievances, assertions which as a matter of law do not suffice to state a constitutional tort claim. Therefore, we concluded that these defendants were entitled to be dismissed from this case.

While we recommended dismissal of this flawed complaint with respect to these prison supervisors, we also recommended the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acted within 20 days of any dismissal order. On November 15, 2012, the district court adopted this Report and Recommendation, but permitted Gibbs 20 days in which to amend his complaint. (Doc. 18.) Gibbs objected to this ruling, (Doc. 20.), but never attempted to comply with the court's November 15, 2012, order, and the time for filing such an amended complaint as to defendants Wetzel and Lamas has now lapsed. On these facts, we recommend that these defendants be dismissed from this case with prejudice.

**II. Discussion**

In this case, Gibbs was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed as to some defendants without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, it is recommended that the complaint be dismissed as to defendants Lamas and Wetzel as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed as to defendants Lamas and Wetzel as frivolous for failure to state a claim, with prejudice.[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

---

[1] We will, by separate order, direct the service of this complaint upon the remaining defendants named in this action, who were unaffected by our initial screening decision.

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of January 2013.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge
